```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

UNITED STATES OF AMERICA      )
                              )
          v.                  )    CRIMINAL NO. 2:06 MJ 166
                              )
CLAYTON McNEELY               )
```

OPINION AND ORDER OF DETENTION

At the August 21, 2006 initial appearance, the government requested that the defendant, Clayton McNeely, be held without bond.  A detention hearing was scheduled for August 24, 2006, but was continued until August 28, 2006, at the request of the defendant.  The court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 18 U.S.C. §2422(b).  If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the probable cause affidavit and the prebond report.  The defendant proffered evidence and called Secret Service Agent William McKenna as a witness.

3.  Between August 2 and August 9, 2006, the defendant participated in a series of online conversations with a federal agent posing as a 13 year old girl.  During one of the conversations, the defendant discussed oral, anal, and vaginal sex.

4.  On August 13, 2006, the defendant masturbated in front of a webcam.  The agents also were able to see the defendant's face.

5.  On August 18, 2006, the defendant traveled from Monticello, Indiana, to Valparaiso, Indiana, to meet the 13 year old girl.  During one of the online conversations, the defendant discussed using whipped cream during their sexual activities.  A search of the defendant's vehicle revealed alcohol and whipped cream.

6.  The defendant has two jobs and no prior criminal record.

Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with using the internet to solicit sex with someone he believed to be a 13 year old girl in violation of 18 U.S.C. §2422(b).  If the defendant is charged with a crime of violence, there is a rebuttable presumption in favor of detention.

In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was charged with using the internet to solicit sex with a minor in violation of Section 2422(b) along with carrying a firearm during a crime of violence in violation of 18 U.S.C. §924(c).  The Court of Appeals concluded that the attempted sexual abuse of a minor was a crime of violence and upheld the Section 924(c) conviction.  394 F.3d at 870-871.  *See also* ***United States v. Abad***, 350 F.3d 793, 798-99 (8th Cir. 2003) (where the defendant was charged with traveling in interstate commerce to engage in sexual activity with a minor in violation of 18 U.S.C. §2423(b), the Court of Appeals held that the defendant was charged with a crime of violence and that the district court

2

erred in releasing the defendant on bond); ***United States v. Champion***, 248 F.3d 502, 506 (6th Cir. 2001) (in sentencing the defendant following his conviction under Section 2422(b) and other statutes designed to protect minors, it was held that the defendant was convicted of a crime of violence and that an enhancement was appropriate under Section 4B1.1 of the Sentencing Guidelines); ***United States v. Searcy***, 418 F.3d 1193, 1197 (11th Cir. 2005) (finding that a violation of Section 2422(b) was a crime of violence under Section 4B1.1).

In ***United States v. Vargas***, 332 F.3d 471 (7th Cir. 2003), the Seventh Circuit reviewed the Application Note to Section 2L1.2 and concluded that any sexual abuse of a minor constitutes a crime of violence.  332 F.3d at 473-74.  *See also* ***United States v. Martinez***, 250 F.3d 1101, 1105 (7th Cir. 2001) ("Engaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'").

The foregoing cases are consistent with the definition of "crime of violence" under Section 3156(a)(4)(B):

> the term "crime of violence" means -
>
> * * *
>
> (B)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . .

For purposes of Section 3156(a)(4)(B), a charge under Section 2422(b) is a crime of violence.

In determining whether detention is appropriate, one factor to be considered is "the weight of the evidence against the person . . . ." Section 3142(g)(2) In the instant case, the government has a transcript of the entire conversation from the internet chat room. The defendant broadcast an image of himself while he was masturbating, and the agents arrested him when he arrived for a rendevous with the minor.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ." Section 3142(e) The defendant engaged in sexually explicit conversations with an agent posing as a 13 year old girl. He also masturbated in front of the webcam for the minor. When the defendant traveled to meet the minor, he was arrested with whipped cream and alcohol.

The defendant is employed and has no prior criminal record. However, it would be difficult to provide restrictions on the defendant's activities which would deny him access to a computer and minor children.

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond. The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**. 18 U.S.C. §3142(e)

4

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

    A.    The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

    B.    The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

    C.    The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 30th day of August, 2006

                                      s/ Andrew P. Rodovich
                                          United States Magistrate Judge